IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JENIFER LEVY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civ. No. MJM-24-2239 |
| v. | * | |
| | * | |
| ALLEGIS GROUP, INC., | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \*

**MEMORANDUM ORDER**

Self-represented plaintiff Jenifer Levy ("Plaintiff") filed this civil action against defendant Allegis Group, Inc. ("Defendant"), her former employer, alleging violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). ECF 1. After Defendant moved to dismiss the Complaint, ECF 18, Plaintiff filed an Amended Complaint, adding a claim for fraudulent misrepresentation under Maryland law, ECF 21. Defendant then filed another motion to dismiss or, alternatively, for summary judgment, ECF 24, and, in response, Plaintiff filed a motion to defer consideration of Defendant's summary judgment motion. ECF 26. Plaintiff also filed a response in opposition to Defendant's motion, ECF 27, and Defendant filed a reply in support of its motion, ECF 28. Thereafter, Defendant filed a motion to seal certain portions of the record in this case, including motion papers and exhibits it previously filed publicly. ECF 29. Plaintiff filed a response in opposition to this motion. ECF 30. No hearing is necessary to resolve the pending motions. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, Defendant's motions shall be denied, and Plaintiff's motion shall be granted.

1

I.   BACKGROUND

Defendant is "a global staffing agency" with its principal place of business in Hanover, Maryland. Amended Complaint (ECF 21, "Am. Compl.") ¶¶ 6, 10. Plaintiff, a Florida resident, became employed with Defendant in April 2020 and was hired as an HR Product Owner in September 2022, beginning work in this new capacity in October 2022. *Id.* ¶ 14.

In November 2022, Plaintiff began experiencing "health issues." *Id.* ¶ 24. In or around March 2023, Plaintiff experienced an injury that required surgery, informed her supervisor Chastin Faith, and was granted an accommodation for the surgery. *Id.* ¶¶ 26–29. Plaintiff had a second surgery scheduled for or around August 2023 to treat certain gynecological conditions. *Id.* ¶¶ 30–33. In or around May 2023, Plaintiff was involved in a car accident and sought emergency medical treatment, at which point she was diagnosed with osteoarthritis. *Id.* ¶¶ 34–35. In or around May 2023, Plaintiff requested FMLA leave and short-term disability ("STD"). Defendant gave Plaintiff a medical certification with a deadline of June 26, 2023, to return it. *Id.* ¶ 40. Plaintiff returned the medical certification on June 21, 2023, requesting continuous leave starting June 26, 2023, to August 10, 2023, to recover from injuries from the car accident (which exacerbated her medical conditions), to treat her musculoskeletal disorder, and to undergo and recover from the second surgery. *Id.* ¶ 41. A Leave Services Representative for Defendant informed Ms. Faith to place Plaintiff on provisional leave while the medical certification was being processed. *Id.* ¶ 44. On June 26, 2023, a Leave Case Manager requested an updated medical certification to clarify details of the leave and provided July 3, 2023, as a deadline for Plaintiff to return the updated medical certification. *Id.* ¶¶ 45–47.

On June 29, 2023, while Plaintiff was on provisional leave, Plaintiff alleges she was "compelled" to attend a meeting with Ms. Faith and an HR Business Partner, during which Plaintiff

2

was terminated. *Id.* ¶ 48. The stated reason for termination was the elimination of Plaintiff's position due to a Reduction in Force ("RIF"). *Id.* ¶ 49. On June 30, 2023, Plaintiff sent multiple emails inquiring about her FMLA and STD benefits. *Id.* ¶¶ 52–54. A Leave Services Team Lead responded that Plaintiff's leave request was denied. *Id.* ¶¶ 56–57.

Plaintiff signed a Severance and Release Agreement (the "Agreement") on July 5, 2023. *Id.* ¶¶ 71, 73. In this Agreement, Plaintiff agreed to release Defendant from "any and all grievances, claims, demands, debts, defenses, actions and/or causes of action arising out of or relating to [Plaintiff's] employment, the separation of [her] employment." Agreement (ECF 24-3) § 4. The Agreement states that Plaintiff agrees to waive all claims she has against Defendant, including "all rights and obligations under" state common law and various federal statutes, including ADA and FMLA. *Id.* As consideration for the release of her claims, Defendant agreed to make a severance payment to Plaintiff in an amount equal to six weeks of her regular base pay. *Id.* § 1.a. Defendant also agreed to pay her COBRA premium to continue her health insurance benefits for a period of up to nine months or until she obtained other employment that offers health insurance coverage, whichever occurred earlier. *Id.* § 1.b.

Plaintiff claims that she entered the Agreement and waived her statutory rights "under false pretenses[.]" Am. Compl. ¶¶ 70, 73. Specifically, Plaintiff alleges that Defendant misrepresented material facts when it advised Plaintiff that her position would be eliminated as part of a RIF. *Id.* ¶¶ 64, 70. In October 2023, Plaintiff received an email from LinkedIn with the subject line stating, "Add Kaitlyn Duffey, Product Owner at Allegis Group[.]" *Id.* ¶ 59. When Plaintiff was employed by Defendant as an HR Technology Analyst, Ms. Duffey directly reported to Plaintiff. *Id.* Plaintiff clicked on the LinkedIn email and learned that Defendant hired Ms. Duffey into the HR Product Owner position Plaintiff occupied before her termination of employment. *Id.* ¶ 60. Plaintiff claims

3

that her termination under the RIF and the purported elimination of the HR Product Owner position was a "pretext." *Id.* ¶ 61.

## II. DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT; AND PLAINTIFF'S MOTION TO DEFER RULING ON SUMMARY JUDGMENT

In the Amended Complaint, Plaintiff asserts a claim for fraudulent misrepresentation under Maryland law and various claims under the FMLA and the ADA. *See generally* Am. Compl. Plaintiff seeks a declaration that the Agreement is void based on her fraud claim and that the parties are restored to their pre-Agreement positions, a declaration that Defendant violated the FMLA, and various categories of monetary and injunctive relief. *Id.* at 8–9.

Defendant moves to dismiss the Amended Complaint for failure to state a claim for relief or, alternatively, for summary judgment, arguing that Plaintiff's release of claims in the Agreement and failure to "tender back" the consideration she received precludes the claims asserted in this action. ECF 24.[1] Plaintiff opposes Defendant's motion and moves to defer summary judgment, arguing, in part, that the Agreement is not valid and that summary judgment would be premature because Plaintiff requires discovery to establish that the Agreement is not valid. ECF 26, 27. Defendant did not formally respond to Plaintiff's motion to defer summary judgment. In the reply it filed in support of its motion to dismiss, Defendant states that that its motion should be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, rather than under a summary judgment standard.

For reasons explained below, the Court agrees with Plaintiff that it would be premature and improper to decide Defendant's motion on a summary judgment basis, and the Court finds that

---

[1] Defendant's first motion, ECF 18, was filed before Plaintiff amended her Complaint and, therefore, shall be denied as moot.

Defendant's argument for dismissal fails under a Rule 12(b)(6) standard. Accordingly, Plaintiff's motion shall be granted, and Defendant's motion shall be denied.

### A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a Plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[P]ro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, courts may "consider documents that are explicitly incorporated into the complaint by reference" or "document[s] submitted by the movant" that are "integral to the complaint[,]" if "there is no dispute about the document's authenticity." *Goines v. Valley Cmty.*

*Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016) (citations omitted); *accord Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).

If the court does consider matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56[,]" but "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). The Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed have notice that conversion under Rule 12(d) may occur, and the court need not "notify parties of the obvious." *Laughlin v. Metro Washington Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998). The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483–84 (4th Cir. 2014) (quoting *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)). Generally, converting a motion to dismiss to a summary judgment motion is not appropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011).

### B. Plaintiff's Motion to Defer Ruling on Summary Judgment Is Granted

The Court declines to treat Defendant's motion as one for summary judgment. Defendant styled its motion to dismiss alternatively as a summary judgment motion while attaching a

declaration outside the pleadings for the Court's consideration, thereby placing Plaintiff on notice that the Court could decide the motion under a Rule 56 standard. *See Laughlin*, 149 F.3d at 261; Fed. R. Civ. P. 56(c)(1)(A),(4) (permitting party moving for summary judgment to rely upon affidavits and declarations based on personal knowledge). However, she responded to the motion with a Rule 56(d) affidavit specifying needs for discovery to lodge an effective opposition to summary judgment. ECF 26-1. The affidavit is attached to Plaintiff's motion to defer ruling on summary judgment and is supported by several exhibits. ECF 26. Defendant does not oppose Plaintiff's motion. It did not file a response, and, in the reply in support of its motion to dismiss, Defendant argues that the Court "should grant [Defendant's] Motion under Rule 12(b)(6) without converting it to a summary judgment motion . . . ." ECF 28 at 6. Accordingly, the Court finds that it would be improper to decide Defendant's motion to dismiss on summary judgment grounds without affording the parties a reasonable opportunity for discovery. Plaintiff's motion to defer summary judgment is granted.

### C. Defendant's Motion to Dismiss Is Denied

Having decided to consider Defendant's motion to dismiss on a Rule 12(b)(6) standard, the Court finds that the motion must be denied because Defendant's affirmative defense is not established on the face of the Amended Complaint it seeks to dismiss.

Defendant contends that the Amended Complaint must be dismissed because Plaintiff entered a severance agreement in which she released the claims she asserts against Defendant and, under Maryland law, cannot invalidate the release of her claims based on fraud without having "tendered back" the consideration she received for the release. Defendant relies primarily on *Finch v. Hughes Aircraft Co.*, in which the then-Maryland Court of Special Appeals affirmed entry of judgment against plaintiff patent owners who sought the equitable remedy of rescission of two

7

contracts. 469 A.2d 867, 894 (Md. Ct. Spec. App. 1984). The court held that the plaintiffs were not entitled to this remedy because they "did not move promptly to rescind the contracts after learning of" the alleged fraud upon which their rescission claim was based. *Id.* Specifically, the plaintiffs "did not immediately tender back all consideration and benefits received under the contracts; indeed, they have never done so. Instead, they have continued to receive and retain benefits, thereby affirming and ratifying the contracts." *Id.*

The U.S. Court of Appeals for the Fourth Circuit has recognized that similar principles in the law of other states apply specifically to contractual releases. *See Adams v. Moore Bus. Forms, Inc.*, 224 F.3d 324, 331 (4th Cir. 2000) (holding that, even if "the release forms were invalid under West Virginia law," the plaintiff employees' claims fail because they "did not tender back to [the defendant employer] the benefits that they received in exchange for signing the releases[,]" and, under West Virginia law, "'one who seeks to avoid the effect of a release . . . must first return or tender the consideration . . . paid him in connection with his execution of the . . . release'" (quoting *Crawford v. Ridgely*, 100 S.E.2d 665, 669 (W. Va. 1957))); *Rachesky v. Finklea*, 329 F.2d 606, 609 (4th Cir. 1964) (recognizing a "general rule" under South Carolina law that "a party who seeks to avoid a release on the ground that it was obtained by fraud or false representation must first return or tender back any consideration received by him for the release." (first citing *Taylor v. Palmetto State Life Ins. Co.*, 12 S.E.2d 708 (S.C. 1940); and then citing *King v. Pilot Life Ins. Co.*, 187 S.E. 369 (S.C. 1936))).

Further, as Defendants explain, the U.S. District Court for the Eastern District of North Carolina has applied the same principle of North Carolina law to dismiss contractually released claims on the pleadings under Rule 12. *See McQuade v. Xerox Corp.*, No. 5:10-CV-149-FL, 2011 WL 344091, at *4–5 (E.D.N.C. Feb. 1, 2011); *Harris v. Ann's House of Nuts*, No. 4:13-CV-0039-

BO, 2013 WL 5592936, at *2–3 (E.D.N.C. Oct. 10, 2013). In both *McQuade* and *Harris*, however, the validity of the releases and the plaintiffs' failure to return the consideration received for the releases were apparent on the face of the pleadings. *See McQuade*, 2011 WL 344091, at *4 ("As Xerox alleges in its counterclaim and plaintiff admits in her answer, plaintiff has not returned the consideration given in exchange for the release. Accordingly, the release is valid against her attacks premised on state law and the OWBPA.") (footnote omitted); *Harris*, 2013 WL 5592936, at *2–3 (finding that "undisputed facts alleged in the pleading unequivocally demonstrate" that "the release agreement is valid" and "bars the plaintiff's claims[,]" and that the plaintiff "admits" that he "has not returned the consideration he received pursuant to the release agreement").

"In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 435 n.9 (2017) (citing Fed. R. Civ. P. 8(c)(1) (listing "release" and "waiver" among several affirmative defenses that must be stated in a responsive pleading)). A Rule 12(b)(6) motion "tests the sufficiency of the complaint," and, therefore, "generally cannot reach the merits of an affirmative defense . . . ." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Such a defense "may be reached by" a Rule 12(b)(6) motion only "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint[.]" *Id*. The Fourth Circuit has emphasized that "all facts necessary to the affirmative defense" must "clearly appear[ ] *on the face of the complaint*." *Id.* (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)) (emphasis added in *Goodman*).

Here, Defendant asserts Plaintiff's waiver and release of her claims as an affirmative defense and argues that the release cannot be invalidated by fraud without Plaintiff having tendered back the consideration she received for the release. The existence of the Agreement and Plaintiff's

waiver of her "statutory rights" in connection with the Agreement are plain from the face of the Amended Complaint. Am. Compl. ¶¶ 70, 71, 73. But the Amended Complaint disputes the validity of the Agreement and does not state Plaintiff's failure to tender back any consideration she received for her waiver and release, and her failure to tender back cannot be reasonably inferred from the pleading. Defendant avers that it paid Plaintiff severance and her COBRA premiums in accordance with the Agreement and that Plaintiff has retained the severance payment, has not sought to return it, and has not sought to reimburse Defendant for the COBRA premiums. *See* ECF 24-1 at 11. But Defendant relies on a declaration outside Plaintiff's pleading to establish these facts. *See* ECF 24-2. The Court cannot consider this declaration on a Rule 12(b)(6) motion without converting it to a summary judgment motion, which, as explained *supra*, would be improper in this case.[2] *See Bosiger*, 510 F.3d at 450 (finding that "the district court's consideration of matters outside the pleadings did convert [defendant's] Rule 12(b)(6) motion into a Rule 56 motion for summary judgment[]"). Accordingly, Defendant's motion to dismiss must be denied. *See Armstrong v. City of Greensboro*, 190 F. Supp. 3d 450, 460–61 (M.D.N.C. 2016) (denying motion to dismiss "[t]o the extent [it] is predicated on the release" as an affirmative defense); *Sauers v. Winston-Salem/Forsyth Cnty. Bd. of Educ.*, 179 F. Supp. 3d 544, 552 (M.D.N.C. 2016) ("Because

---

[2] Defendant also relies upon the Agreement itself, a copy of which is attached to its motion. The Court finds that it may properly consider the Agreement without converting the motion to one for summary judgment. The Agreement is specifically referenced in the Complaint and is integral to Plaintiff's fraudulent misrepresentation claim, and Plaintiff does not question the authenticity of the copy presented to the Court. *See Goines*, 822 F.3d at 164 ("[A] document attached to a motion to dismiss may be considered when evaluating a motion to dismiss if the document was 'integral to the complaint and authentic.'") (citation omitted). However, the Agreement cannot, by itself, establish Defendant's affirmative defense because the parties' dispute its validity and the Agreement cannot prove that Plaintiff failed to tender back any consideration she received.

the Amended Complaint does not contain sufficient facts for this court to address the affirmative defense, it is not ripe for resolution.").[3]

### III. DEFENDANT'S MOTION TO SEAL

After its motion to dismiss was fully briefed, Defendant filed a motion for an order sealing various documents filed on the docket of this case. ECF 29. Specifically, Defendant asks for sealing of all briefs and exhibits attached to its motions to dismiss, including the declaration offered to support Defendant's release defense and copies of the Agreement, as well as Defendant's reply brief, and even Plaintiff's response in opposition to the second motion. *Id.* The only justification offered for this sweeping request for sealing is the provision in the Agreement generally requiring Plaintiff to keep its terms confidential. *See* Agreement § 3. Defendant notes that all briefs filed in connection with its motions to dismiss refer to terms of the Agreement. ECF 29. Finally, Defendant states, without explanation, that "[t]here are no alternatives to sealing that would provide sufficient protection of the information given the language in the Agreement." *Id.* at 2.

Plaintiff opposes the sealing motion, arguing that Defendant cites no harm that would result from public disclosure of the various materials it seeks to seal and that Defendant waived confidentiality by filing its briefs and exhibits publicly without contemporaneously requesting that they be sealed. ECF 30. Plaintiff notes the public's presumptive right of access to court records, Defendant's failure to make any showing to overcome that right, and the availability of less restrictive alternatives to sealing. *Id.*

---

[3] In addition to *McQuade* and *Harris*, Defendant cites *Jarallah v. Thompson*, where Judge Chasanow of this Court granted summary judgment in favor of the defense based upon the plain terms of a release barring the plaintiff's claims, which the plaintiff failed to demonstrate was procured by fraud. 123 F. Supp. 3d 719, 725–27 (D. Md.), *aff'd*, 627 F. App'x 185 (4th Cir. 2015). Here, in contrast, as explained *supra*, the Court declines to consider evidence outside the pleadings, confines its analysis to the Amended Complaint, and finds that the pleading does not establish Defendant's release defense.

Plaintiff has the better argument. The public right of access to court documents derives from two sources: the First Amendment to the United States Constitution and the common law. The right of access provided by the First Amendment applies to, *inter alia*, documents "made part of a dispositive motion[.]" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004). Public access to such documents "may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Rushford v. New Yorker Mag., Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). Additionally, the common law provides a "presumption in favor of access" to "all judicial records and documents[.]" *Id.* (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)) (cleaned up). "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." *Rushford*, 846 F.2d at 253.

"[A]t the core of the interests protected by the right of access" is "the citizen's desire to keep a watchful eye on the workings of public agencies and the operation of the government." *Doe v. Pub. Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) (quoting *Nixon*, 435 U.S. at 598) (cleaned up). Among the public's interests in access to court records is the public's ability "to monitor the functions of the courts" and "to understand the judicial process itself and the bases or explanations for a court's decision." *Hisp. Nat'l L. Enf't Ass'n NCR v. Prince George's Cnty.*, Civ. No. TDC-18-3821, 2021 WL 488641, at *4 (D. Md. Feb. 10, 2021) (first quoting *Doe*, 749 F.3d at 271; and then quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016)) (cleaned up).

Defendant's motion implicates the First Amendment right of access to documents filed in connection with a dispositive motion—specifically, Defendants' motions to dismiss. But

12

Defendant makes no effort to show that "a compelling governmental interest" warrants sealing of the materials at issue and that sealing these materials in their entirety "is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180. Defendant's citation to confidentiality provisions in the Agreement does not suffice. Those provisions generally require Plaintiff to maintain the confidentiality of the Agreement's terms. *See* Agreement § 3. But it was Defendant—not Plaintiff—who first presented specific terms of the Agreement to the Court as a defense against Plaintiff's claims, even filing a copy of the Agreement itself as an exhibit in support of its motions to dismiss. *See* ECF 18-1, 18-3, 24-3. Plaintiff's discussion of the Agreement in her opposition brief is merely a response to what Defendant already publicly disclosed and placed at issue in this case. Accordingly, its motion to seal must be denied.

As part of its right-of-access analysis, the court must "consider alternatives to sealing the documents" at issue. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court agrees with Plaintiff that the availability of a less restrictive alternative to sealing is obvious: redaction of information that Defendant considers harmful if made part of the public record. In the exercise of its discretion, the Court will maintain the documents at issue under seal temporarily (30 days) to afford Defendant an opportunity to propose public filing of redacted versions of the materials.

## IV.   CONCLUSION

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that

1. Defendant's first motion to dismiss or, alternatively, for summary judgment (ECF 18) is DENIED as moot;

2. Defendant's second motion to dismiss or, alternatively, for summary judgment (ECF 24) is DENIED;

3. Plaintiff's motion to defer ruling on summary judgment (ECF 26) is GRANTED;

4. Defendant's motion to seal (ECF 29) is DENIED;

5. Defendant's shall file any renewed motion to seal no later than **October 7, 2025**, and shall attach any proposed redacted versions of the documents it moves to seal;

6. Plaintiff shall file any response to Defendant's renewed motion no later than **October 14, 2025**; and

7. The documents docketed at ECF Nos. 18-1, 18-2, 18-3, 21, 24-1, 24-2, 24-3, 26, 27, 27-1, and 28 shall remain UNDER SEAL until **October 23, 2025,** or further order of the Court, whichever occurs first.

It is so ORDERED this __23rd__ day of September, 2025.

                                            /S/
                                  Matthew J. Maddox
                                  United States District Judge