**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| | * | |
| **JENIFER LEVY,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-24-2239** |
| **v.** | * | |
| | * | |
| **ALLEGIS GROUP, INC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

Self-represented plaintiff Jenifer Levy ("Levy") filed this civil action against defendant Allegis Group, Inc. ("Allegis"), her former employer, alleging violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). ECF No. 1. Allegis filed a Counterclaim, alleging breach of contract. ECF No. 36. The matter is before the Court on Levy's Motion to Dismiss Allegis's Counterclaim (ECF No. 38), Motion to File a Second Amended Complaint (ECF No. 41), and Motion to Compel a Rule 26(f) Conference (ECF No. 44). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons set forth below, all three pending motions are denied.

## I. BACKGROUND

### A. Facts[1]

Allegis hired Levy as a Product Owner on October 30, 2022. ECF No. 36 (Countercl.) ¶ 5. As part of an involuntary reduction in force ("RIF"), Levy was offered a severance package and other valuable consideration in exchange for executing a full release of claims related to her employment and separation. *Id.* ¶ 6.

On July 5, 2023, Levy executed a General Release of Claims ("Release"), in which she agreed to release Allegis and its "parent, subsidiaries and affiliates and their respective officers, directors, employees, stockholders, employee benefit plan administrators and fiduciaries, insurers, agents, predecessors, successors and assigns, and all other related or affiliated persons, corporations, or entities . . . from any and all grievances, claims, demands, debts, defenses, actions and/or causes of action arising out of or relating to your employment, including the separation of your employment." *Id.* ¶ 7. The Release further provides that Levy "waive[d] any claims that [she] may have against" Allegis and the other released parties. *Id.* ¶ 8.

Levy received consideration under the Release on July 7, 2023. *Id.* ¶ 12. As of the filing of the counterclaim, Levy has not tendered back or returned that consideration. *Id.* ¶ 15.

### B. Procedural History

Levy filed this civil action against Allegis, alleging violations of the FMLA and the ADA. ECF No. 1. Allegis moved to dismiss, asserting that Levy had executed a valid severance agreement and Release barring her from bringing any employment-related claims, including those under the FMLA and ADA. ECF No. 18. In response, Levy amended her complaint to allege that the Release was procured by fraud. ECF No. 21. Allegis then filed a second motion to dismiss or,

[1] The following facts are drawn from Allegis's counterclaim. Part I of the Court's prior Memorandum Order summarizes the facts alleged in Levy's amended complaint. *See* ECF No. 31 at 2–4.

in the alternative, for summary judgment, arguing that Levy could not invalidate the Release on grounds of fraud because she retained the consideration she received in exchange for the Release, and that prompt return of such consideration is a prerequisite to a fraud claim. ECF No. 24. The Court denied Allegis's motion, declining to decide the motion on summary-judgment grounds given Levy's specified need for discovery and concluding on Fed. R. Civ. P. 12(b)(6) grounds that Allegis's affirmative defense was not established by the allegations in Levy's amended complaint. ECF No. 31 at 6–11, 13–14. Allegis then filed an answer, affirmative defenses, and a counterclaim. ECF No. 36. In its counterclaim, Allegis alleges that Levy breached the Release by filing suit on claims she had previously released and seeks to enforce the Release and recover damages resulting from the alleged breach. *Id.*

## II. DISCUSSION

### A. Levy's Motion to Dismiss or, Alternatively, to Strike Allegis's Counterclaim

Levy moves to dismiss the counterclaim or, alternatively, to strike it. ECF No. 38. Allegis filed a response in opposition, ECF No. 39, and Levy filed a reply, ECF No. 40.

Levy's motion is denied because Allegis states a plausible counterclaim for breach of contract, the counterclaim is compulsory and must be asserted, and it does not include any improper matter appropriate for striking.

#### 1. Standard of Review

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure constitutes an assertion that, even if the facts alleged by a complainant are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This rule is to give "fair notice of what the . . . claim

is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). The same standard of review applicable to motions to dismiss a complaint pursuant to Rule 12(b)(6) applies to motions to dismiss a counterclaim. *FTI Consulting, Inc. v. Orszag*, Civ. No. BAH-23-3200, 2025 WL 2085761, at *4 (D. Md. July 24, 2025) (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint, or counterclaim, must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A counterclaim need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable, and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam). However, "a [complainant]'s obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A counterclaim must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*). Although, on a Rule 12(b)(6) motion to dismiss, the court is generally limited to the facts as alleged, the court may consider "documents that are explicitly incorporated into the

complaint by reference," and "those attached to the complaint as exhibits." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), and Fed. R. Civ. P. 10(c)).

When considering a motion to dismiss, a court must take the factual allegations as true and draw all reasonable inferences in favor of the complainant. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the complainant's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011), *cert denied*, 566 U.S. 937 (2012).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Courts have "wide discretion" in deciding such motions. *Peeples v. Lorring Park Apartments, LLC*, Civ. No. GLS 22-2218, 2024 WL 4932417, at *2 (D. Md. Dec. 2, 2024) (citation omitted). However, motions to strike are "generally viewed with disfavor." *Jacobs v. Nissan N. Am., Inc.*, Civ. No. GLR-22-2437, 2024 WL 3090139, at *3 (D. Md. June 20, 2024) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). Courts typically grant such motions only when the allegations have "no possible or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to a party." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 117 (D. Md. 2020).

**2. Analysis**

Allegis's counterclaim is sufficient to assert a plausible claim against Levy for breach of contract. To state a claim for breach of contract, a claimant "need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *Wells v. Pennrose Mgmt. Co.*, 753 F. Supp. 3d 432, 440 (D. Md. 2024) (quoting *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 442 (Md. 2010)). Here, Allegis alleges that Levy freely and intelligently executed the Release, which obligated her to release Allegis from all claims and causes of action "arising out of or relating to [her] employment, including the separation of [her] employment[,]" and waive any such claims, including FMLA and ADA claims. Countercl. ¶¶ 7–11. Further, Levy received consideration in exchange for the release and waiver, and she never tendered back or returned it. *Id.* ¶¶ 12–15. Levy materially breached the Release by filing the instant action and asserting claims against Allegis related to her employment and separation, resulting in damages to Allegis. *Id.* ¶¶ 16–19. These facts suffice to support a plausible counterclaim for breach of contract.

Levy argues that Allegis's counterclaim should be dismissed for two reasons. First, Levy argues that Allegis's counterclaim is permissive under Federal Rule of Civil Procedure 13(b), and so Allegis was required, under Rule 15(a)(2), to seek leave or obtain Levy's permission before filing it. ECF No. 38 at 3. Second, Levy argues that allowing Allegis to "repackage" the arguments from its previous motion to dismiss, which the Court rejected, into a counterclaim undermines judicial efficiency and is a circumvention of "established rulings." *Id.* Neither argument is persuasive.

Federal Rule of Civil Procedure 13 requires a defendant to state as a counterclaim any claim it has against an opposing party at the time of serving its first pleading if the claim arises out

of the same transaction or occurrence as the opposing party's claim and does not require adding a party over whom the court cannot acquire jurisdiction. Fed. R. Civ. P. 13(a)(1). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." *Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 452 (D. Md. 2014) (quoting Fed. R. Civ. P. 13(a)). The Fourth Circuit has identified four inquiries to guide the determination of whether a counterclaim is compulsory: "(1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?" *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. 1988) (citation omitted). "It is not necessary to answer all these questions in the affirmative for the counterclaim to be compulsory; rather, the inquiries serve as a guideline. Where the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory." *Long*, 28 F. Supp. 3d at 452 (citing *Painter*, 863 F.2d at 331–32) (cleaned up).

Here, Allegis's counterclaim was filed timely and is compulsory. Allegis filed its counterclaim with its first responsive pleading, and it is therefore timely. The counterclaim also arises from the same transaction or occurrence as Levy's claims. Levy's amended complaint alleges that Allegis violated the ADA and FMLA during Levy's employment and/or at the time of her separation. Allegis, in turn, alleges that Levy expressly waived her right to bring ADA and FMLA claims arising from that same employment relationship and separation when she executed the Release. These claims are logically intertwined: both center on the circumstances of Levy's employment and separation, and resolution of each will require examination of overlapping facts, including the terms, validity, and effect of the Release, and the events surrounding Levy's

separation. Levy's contention that the counterclaim is not compulsory because it sounds in contract, while Levy's claims arise under statute, is unpersuasive. Rule 13(a) focuses on whether the claims arise from the same transaction or occurrence, not on whether the same legal principles or theories are invoked. *See Jones v. Specialty Lending Grp., L.L.C.*, Civ. No. RWT 17-1577, 2018 WL 656439, at *4 (D. Md. Feb. 1, 2018) ("What matters is that the claims arose from the same transaction; it is the factual basis that makes two claims the same, not the specific legal theories utilizing those facts.") (citation omitted). The Court finds that Allegis's counterclaim arises from the same transaction or occurrence as Levy's claims and is therefore compulsory under Rule 13(a)(1).

Levy's second argument also misses the mark. Previously, Allegis argued in a motion to dismiss that Levy's amended complaint should be dismissed because Levy executed the Release and, under Maryland law, cannot invalidate a release based on fraud without first tendering back the consideration received. *See* ECF No. 31 at 7. The Court rejected that argument, addressing the motion under the Rule 12(b)(6) standard, because the amended complaint disputes the validity of the Release and does not allege that Levy failed to tender back the consideration she received, and a failure to tender back could not be reasonably inferred from Levy's allegations. *See id.* at 10. Under a Rule 12(b)(6) standard, the Court was bound to assume the truth of Levy's well-pleaded allegations and determine whether those facts supported her asserted claim for relief. And because Allegis's affirmative defense was not apparent from Levy's amended complaint, that defense could not serve as grounds for dismissal of Levy's claim. That analysis, however, does not preclude Allegis from asserting its version of events in an answer to, and defense against, Levy's claim and marshaling the same facts in support of an affirmative claim for relief against Levy.

At this stage, the Court must accept as true the factual allegations offered in support of Allegis's counterclaim. Accepting Allegis's allegations as true, the Release at issue may plausibly serve both as an affirmative defense and as the basis for a breach-of-contract counterclaim. *See, e.g.*, *CSX Transp., Inc. v. Gilkison*, No. 5:05CV202, 2012 WL 3283411, at *7 (N.D.W. Va. Aug. 10, 2012) ("The defendants assert the known existence of the Baylor release by CSXT as both an affirmative defense to CSXT's fraud claims and as a basis for their counterclaims."); *Errico v. Pfizer Consol. Pension Plan*, No. 19 CIV. 10211 (CM), 2021 WL 1565288, at *1 (S.D.N.Y. Apr. 20, 2021) (analyzing a release as both an affirmative defense and counterclaim); *but see Bukuras v. Mueller Grp., LLC*, 592 F.3d 255, 266 (1st Cir. 2010) (holding that a release is an affirmative defense, not the basis for an independent claim for breach of contract). In sum, Allegis's counterclaim does not improperly "repackage" arguments previously rejected by the Court but, instead, asserts an affirmative claim for relief grounded in the same underlying facts.

Finally, there is no basis to strike Allegis's counterclaim. Rule 12(f) permits striking matter from a pleading only if it is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Allegis's counterclaim does not carry any of those defects. On the contrary, the counterclaim is inextricably intertwined with the allegations in Levy's amended complaint. Levy's argument that the counterclaim is "immaterial" because it "shifts focus to contract enforcement instead of statutory rights" misses the point. ECF No. 40 at 7. The counterclaim does not introduce an unrelated issue; rather, it goes directly to whether Levy may pursue the very statutory claims she asserts in her amended complaint. The validity and effect of the Release bear on Levy's ability to recover, and resolution of Allegis's counterclaim will involve substantially the same facts and evidence as Levy's claims. As such, the counterclaim is central to the dispute between the parties. Moreover, "[m]otions under Rule 12(f) are generally disfavored and should be granted

infrequently." *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 704 (D. Md.), *on reconsideration in part*, 977 F. Supp. 2d 544 (D. Md. 2013) (first citing *Waste Mgmt. Holdings v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); then citing *Renaissance Greeting Cards, Inc. v. Dollar Tree Stores*, 227 F. App'x 239, 247 (4th Cir. 2007)). And this case does not present the rare instance in which striking a pleading would be justified.

In sum, Levy has not shown that Allegis's counterclaim falls within any of the narrow categories warranting relief under Rule 12(f). Levy's motion to strike is denied.

**B. Levy's Motion for Leave to File a Second Amended Complaint**

Levy moves for leave to file a second amended complaint in order to assert claims for relief under new legal theories. ECF No. 41. Allegis opposes that motion, arguing that the proposed amendments are futile and offered in bad faith, ECF No. 42, and Levy filed a reply in support of her motion, ECF No. 43. For the reasons explained below, the Court agrees with Allegis that Levy's proposed amendments are futile, and, for this reason, her motion for leave to amend is denied.

**1. Standard of Review**

Amendment of pleadings is governed by Federal Rules of Civil Procedure 15. Rule 15(a)(2) provides that a court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Based on this rule, the Fourth Circuit has endorsed a liberal approach to granting motions for leave to amend. The court has "interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citation and internal quotation marks omitted). Leave to amend should be denied as futile when the proposed amended complaint is clearly insufficient to state a claim or is frivolous on its face. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503,

510 (4th Cir. 1986); *Van Leer v. Deutsche Bank Securities, Inc.*, 479 F. App'x 475, 479 (4th Cir. 2012). Accordingly, leave to amend is properly denied if "the proposed amendments could not withstand a motion to dismiss." *Cuffee v. Verizon Communications, Inc.*, 755 F. Supp. 2d 672, 677 (D. Md. 2010) (quoting *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995)).

**2. Analysis**

Levy seeks leave to file a second amended complaint asserting two new theories for recovery under the ADA: post-employment retaliation and interference. *See* ECF No. 41-2 at 10–12, 15–16. Specifically, Levy alleges that Allegis retaliated against her under the ADA and interfered with her rights under the ADA "by not submitting the requested position statement, but by making statements to the EEOC that chilled Levy's rights and halted the EEOC investigation process." *See* ECF No. 41-2 at ¶ 130. The Court finds these proposed amendments to be futile.

The ADA prohibits retaliation against employees for seeking the Act's statutory protections. *See* 42 U.S.C. § 12203(a)–(b); *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 357 (2013). To state a prima facie case of retaliation under the ADA, a plaintiff must show that "(1) she has engaged in protected conduct; (2) she suffered an adverse action after engaging in the protected conduct; and (3) there was a causal link between the protected conduct and the adverse action." *Laird v. Fairfax Cnty.*, 978 F.3d 887, 893 n.4 (4th Cir. 2020) (citing *Laber*, 438 F.3d at 432). An adverse action must be "materially adverse," meaning it would dissuade a reasonable person from engaging in protected activity. *Dones v. Brennan*, 147 F. Supp. 3d 364, 370–71 (D. Md. 2015) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

It is difficult to discern what post-employment adverse action Levy alleges. To the extent she contends that Allegis's failure to submit a position statement to the EEOC constitutes such an action, that theory fails. The ADA does not require employers to submit position statements in

response to EEOC charges, nor do EEOC procedures mandate such submissions. Rather, the EEOC's guidance informs employers as follows:

> If you do not submit a position statement or respond to EEOC's requests for information, the EEOC may proceed directly to a determination on the merits of the charge based on the information at its disposal or subpoena specific information related to the allegations in the charge.

*See* EEOC, "Effective Position Statements" (last visited August 14, 2026), https://perma.cc/6WC3-5B2P. In short, Allegis was not required to submit a position statement; submitting a position statement was optional. More importantly, Allegis's decision not to submit a position statement would not, from an objective standpoint, dissuade a reasonable person from engaging in protected activity. Levy offers no plausible allegation that Allegis's decision not to submit a position statement materially prejudiced or disadvantaged her complaint before the EEOC or otherwise adversely affected her.

Even assuming Levy could plausibly allege a materially adverse action, her retaliation claim would still fail for lack of causation. Levy does not allege facts showing that her protected activity—filing an EEOC charge—motivated Allegis's decision not to submit a position statement. To the contrary, Levy appears to acknowledge that Allegis declined to submit a position statement because Levy had executed a Release. *See* ECF No. 41-2 ¶¶ 79–80. Because Levy signed the Release approximately nine months before filing her EEOC charge, the alleged conduct cannot plausibly be attributed to a retaliatory motive. Therefore, Levy's proposed post-employment retaliation claim is futile.

Levy's proposed interference claim fares no better. The ADA makes it unlawful to "coerce, intimidate, threaten, or interfere" with an individual's exercise or enjoyment of ADA rights. 42 U.S.C. § 12203(b). To state such an interference claim, a plaintiff must allege facts showing: (1) protected activity; (2) engagement in the exercise or enjoyment of ADA rights; (3) coercion,

threats, intimidation, or interference; and (4) discriminatory intent. *Kelly v. Town of Abingdon, Virginia*, No. 1:19CV00032, 2020 WL 2553614, at *7 (W.D. Va. May 20, 2020), *aff'd*, 90 F.4th 158 (4th Cir. 2024) (citing *Frakes v. Peoria Sch. Dist. No. 150*, 872 F.3d 545, 550–51 (7th Cir. 2017)). Levy alleges that Allegis interfered with her rights by declining to submit a position statement and by communicating with the EEOC investigator in a manner that allegedly "obstruct[ed] the charge investigation process." ECF No. 43 at 2–3. These allegations are clearly insufficient to state an interference claim. First, Levy vaguely asserts that Allegis "made assertions" to the EEOC but does not identify the substance of those statements or explain how they constitute coercion, intimidation, or interference. In her proposed pleading, the only specific statement attributed to Allegis and made to the EEOC is that "while [Levy] can still file a charge with the EEOC, she waives any right to receiving money." ECF No. 41-2 ¶ 80. That allegation does not support a plausible interference claim. It reflects a legal position regarding the effect of the Release on Levy's potential recovery—not a threat or attempt to prevent Levy from exercising her rights. Indeed, the statement expressly acknowledges Levy's ability to file a charge.

Second, Levy implausibly attributes the EEOC's investigative decisions to Allegis. The EEOC is a federal agency that operates independently of the parties before it. Allegis has no authority over how the EEOC conducts its investigation or whether it ultimately declines to prosecute a charge. Absent well-pleaded facts showing coercive or obstructive conduct that interfered with Levy's rights, Levy cannot transform a routine advocacy position before an administrative agency into a statutory violation.

In sum, Levy fails to offer any facts to suggest that Allegis's decision not to submit a position statement had any materially adverse effect or was based on a retaliatory motive, and she fails to allege facts demonstrating coercion, intimidation, or interference by Allegis in connection

with the EEOC proceeding. Therefore, the Court finds that her proposed amendments clearly fail to state a viable claim and are therefore futile. Leave to amend is denied.

### C. Levy's Motion to Compel a Rule 26(f) Conference

Finally, Levy moves to compel a Federal Rule of Civil Procedure 26(f) conference and for entry of a scheduling order. ECF No. 44. Allegis filed an opposition to that motion, ECF No. 45, and Levy replied, ECF No. 46. Levy's motion is denied.

Rule 26(f)(1) provides that, "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable." Levy argues that Allegis "has refused to participate in the Rule 26(f) conference" and that Allegis is otherwise "obstruct[ing] and stonewalling" discovery. *See* ECF No. 44 at 2–4.

Levy's motion is premature. Local Rule 104.4 (D. Md. Dec. 1, 2025) provides that, "[u]nless otherwise ordered by the Court or agreed upon by the parties, the conference of counsel required by Fed. R. Civ. P. 26(f) need not take place and discovery shall not commence and disclosures need not be made until a scheduling order is entered." No scheduling order has been issued in this case, and the Court has not otherwise directed the parties to conduct a Rule 26(f) conference. Accordingly, Allegis has been under no obligation to participate in such a conference. Because the duty to confer has not yet been triggered, Levy's motion to compel a Rule 26(f) conference and for entry of a scheduling order is denied without prejudice.

Now that the Court has decided Levy's motion to dismiss Allegis's counterclaim and motion for leave to amend, Levy shall file an answer to the counterclaim. Once that is done, the pleadings will be closed, and the Court will promptly contact the parties to conduct a scheduling conference.

## III. ORDER

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Levy's Motion to Dismiss or, Alternatively, to Strike (ECF No. 38) is DENIED;
2. Levy's Motion for Leave to file a Second Amended Complaint (ECF No. 41) is DENIED;
3. Levy's Motion to Compel a Rule 26(f) Conference (ECF No. 44) is DENIED;
4. Levy SHALL FILE an answer to Allegis's counterclaim no later than **October 2, 2026**; and
5. The Clerk SHALL SEND a copy of this Memorandum Opinion and Order to Levy and counsel for Allegis.

It is so ORDERED this 11th day of September, 2026.

/S/
Matthew J. Maddox
United States District Judge